UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WENDELL W. PHILLIPS,

     Plaintiff,

                                Case No. 5:03-cv-34

v.

                                Hon. Wendell A. Miles

LANSING SCHOOL DISTRICT and
LAURENCE W. McQUEEN,

     Defendants.

_____/


OPINION AND ORDER

     This matter is before the Court on Plaintiff's motion to set aside judgment, brought pursuant to Federal Rule of Civil Procedure 60(b).  For the following reasons, the Court denies the motion.

     Plaintiff filed an action against the Lansing School District and Assistant Superintendent Laurence McQueen in the Ingham County Circuit Court asserting claims arising from the defendant school district's termination of Plaintiff's employment in March 1997.   The trial court granted summary judgment in favor of the defendants.  The Michigan Court of Appeals declined to review the trial court's decision, and the Michigan Supreme Court denied the plaintiff's application for leave to appeal.  Plaintiff commenced this action, asserting nine claims under 42 U.S.C. § 1983 and state law, and asking the Court to conduct a *de novo* review of the state court decisions. The Court dismissed the action on May 1, 2003 for lack of subject matter jurisdiction, and on June 9, 2003, denied Plaintiff's motion for reconsideration.  By unpublished opinion issued March 12, 2004, the Sixth Circuit Court of Appeals affirmed this Court's decision.  The United States Supreme Court denied Plaintiff's petition for writ of certiorari on

March 24, 2004.  Plaintiff filed his present motion in this case on June 12, 2006, in which he asks the Court to set aside the state trial court's judgment.

The gist of Plaintiff's claims is that the state trial court was biased, and its decision that Plaintiff was an at will employee was against the great weight of the evidence, based on hearsay evidence and erroneous credibility determinations.

It is well established law that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Peterson Novelties, Inc. v. City of Berkley, 305 F. 3d 386, 390 (6th Cir. 2002).  Only the United States Supreme Court may conduct federal review of state court proceedings. See 28 U.S.C. § 1257(a); Patmon v. Michigan Supreme Court, 224 F. 3d 504, 506 (6th Cir. 2002).  The Rooker/Feldman doctrine applies even where the plaintiff claims that his civil rights were violated at the state level.  The Supreme Court explained, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L.Ed. 2d 775 (1994).

Accordingly, Plaintiff's Motion to Set Aside Judgment (docket #28) is DENIED.


So ordered this 27th day of July, 2006.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge