UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL W. PHILLIPS,

    Plaintiff,

                                      Case No. 5:03-cv-34

v.

                                      Hon. Wendell A. Miles

LANSING SCHOOL DISTRICT and
LAURENCE W. McQUEEN,

    Defendants.

                                    /

OPINION AND ORDER

        This matter is before the Court on Plaintiff's amended motion for reconsideration (docket #33), brought pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, the Court denies the motion.

        Plaintiff filed an action against the Lansing School District and Assistant Superintendent Laurence McQueen in the Ingham County Circuit Court asserting claims arising from the defendant school district's termination of Plaintiff's employment in March 1997, after twenty-five years of service. The state trial court granted summary judgment in favor of the defendants. The Michigan Court of Appeals declined to review the trial court's decision, and the Michigan Supreme Court denied the plaintiff's application for leave to appeal. Plaintiff commenced this action, asserting nine claims under 42 U.S.C. § 1983 and state law, and asking the Court to conduct a *de novo* review of the state court decisions. The Court dismissed the action on May 1, 2003, for lack of subject matter jurisdiction based upon the Rooker-Feldman doctrine.

On June 9, 2003, the Court denied Plaintiff's motion for reconsideration. By unpublished opinion issued March 12, 2004, the Sixth Circuit Court of Appeals affirmed this Court's decision. The United States Supreme Court denied Plaintiff's petition for writ of certiorari on March 24, 2004. Plaintiff filed a motion in this case on June 12, 2006, asking the Court to set aside the state trial court's judgment. The motion was denied on July 27, 2006.

Plaintiff filed the present motion on August 17, 2006, asking the court for leave to amend jurisdiction from 42 U.S.C. § 1983 to 28 U.S.C. § 1331, which he mistakenly contends will vest this Court with jurisdiction. Title 28 U.S.C. § 1331 authorizes jurisdiction in federal district courts over "civil actions arising under the Constitution, laws, or treaties of the United States." Title 42 U.S.C. § 1983 merely provides a **remedy** against all forms of official violations of federally protected rights. See Gonzaga University v. Doe, 536 U.S. 273, 284 (2002); Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 700-01 (1978)). Therefore, "one cannot go into court and claim a violation of § 1983--for § 1983 by itself does not protect anyone against anything." Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617 (1979). Thus, § 1983 provides the remedy for a person whose constitutional rights have allegedly been violated. That person may pursue his remedy by filing suit in federal court. The federal court will have jurisdiction over the suit pursuant to § 1331. However, in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), the Supreme Court of the United States clearly established that lower federal courts do not have jurisdiction to review and determine the validity of state court judgments. The Rooker-Feldman doctrine applies even if

the plaintiff claims that his federal constitutional rights were violated at the state level.  Feldman, 460 U.S. at 486.  Because Plaintiff is challenging the decision of a state trial court, and is asking this Court to review that decision, he cannot avoid the application of Rooker-Feldman.

Accordingly, Plaintiff's amended motion for reconsideration (docket #33) is DENIED.


So ordered this 26th day of September, 2006.

                                                    /s/ Wendell A. Miles
                                                    Wendell A. Miles
                                                    Senior U.S. District Judge