UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL W. PHILLIPS,

    Plaintiff,

v.

    Case No. 5:03-cv-34

    Hon. Wendell A. Miles

LANSING SCHOOL DISTRICT and
LAURENCE W. McQUEEN,

    Defendants.

_____/

## ORDER

This matter is before the court on Plaintiff's Motion to Set Aside Judgment (docket #45). For the reasons that follow, the motion is denied.

Plaintiff was employed by the Lansing School District (School District). In 1992, Plaintiff and the School District entered into a "Last Chance Agreement", which provided that the School District's "selection of penalty for any future misconduct will not be subject to challenge by either Mr. Phillips or the Union." On March 21, 1997, after twenty-five years of service, Plaintiff was terminated from his employment. Pursuant to the terms of the Collective Bargaining Agreement, Plaintiff's grievance over his termination went to arbitration. On or about September 10, 1997, the panel ruled in favor of the School District. Plaintiff filed suit in state court alleging discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq., breach of contract, and conspiracy. The trial court granted the School District's motion for summary judgment. Both the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal. Plaintiff filed the instant case on March 27, 2003, claiming that the state court

erred in granting summary judgment.[1]  The case was dismissed on May 1, 2003, for lack of subject matter jurisdiction pursuant to the Rooker/Feldman doctrine.[2]  See Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923) (holding that lower federal courts lack subject matter jurisdiction to review the decisions of state courts); D.C. Ct. of App. v. Feldman, 460 U.S. 462, 476 (1983).

Plaintiff brings the present motion under Fed. R. Civ. P. 60(b)(4), (5), and (6), which respectively provide that a party is entitled to relief from judgment if the judgment is void, it is no longer equitable to apply the judgment prospectively, and any other reason that justifies relief.  Plaintiff argues that the state court judgment was void, because it lacked jurisdiction to enforce state law where his case was actually preempted by the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a).

The state court clearly had subject matter jurisdiction over the claims Plaintiff raised in the state court.  In his complaint filed in this court, Plaintiff did not allege that the Labor Management Relations Act governed any of his claims.  It is not clear whether his breach of contract claim, which appears to be premised on the "Last Chance Agreement" that he entered into in 1992, would fall within the scope of the Labor Management Relations Act.  Even assuming it does, claims arising under § 301 of the Labor Management Relations Act are governed by the six-month statute of limitations found at § 10(b) of the National Labor Relations

---

[1]Plaintiff's filing was titled "Motion for DeNovo Review," which the court construed as a Complaint.

[2]Plaintiff filed a first and second motion for reconsideration (docket ##13 and 15), which were denied on June 9, 2003 (docket #16).  The court's decision was affirmed by the Court of Appeals on June 24, 2004 (docket #24), and his petition for writ of certiorari was denied by the United States Supreme Court on March 24, 2005 (docket # 27).  Subsequently, Plaintiff filed two motions to set aside judgment (docket ## 28, 45), and a motion for reconsideration (docket # 33), which were denied.

Act, 29 U.S.C. § 160(b). <u>DelCostello v. Teamsters</u>, 462 U.S. 151, 155 (1983) (holding that claims that employer breached a provision of a collective bargaining agreement, and that the union had breached its duty of fair representation by mishandling the ensuing grievance-and-arbitration proceedings were governed by the statute of limitations of § 10(b) of the National Labor Relations Act). If he is claiming that some aspect of the arbitration proceeding gives rise to a claim under the National Labor Relations Act, the claim was barred by the statute of limitations in March 1998.

Plaintiff also claims that the state court judgment is void because the defendant's counsel committed extrinsic fraud on the trial court by "requesting the Judge look at Plaintiff as an at will employee instead of an employee who has arbitration remedies vested under" a collective bargaining agreement. The state trial court had subject matter jurisdiction over the issue of whether Plaintiff was an at-will employee, and knowledge of the law relevant to the issue. The fact that it was the defendant's attorney who presented the argument, does not constitute fraud upon the court. Nor does the fact that Plaintiff disagrees with the trial court's finding render the finding fraudulent.

The court has reviewed Plaintiff's motion and his supporting brief, as well as the cases cited therein, and finds that Plaintiff has failed to establish that he is entitled to relief under Fed. R. Civ. P. 60(b). Therefore,

The Plaintiff's Motion to Set Aside Judgment (docket # 45) is DENIED.

So ordered this 9th day of June, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge